FILED
U.S. DISTRICT COURT
GEORGIA
JAN -5 PM 4:11
WKS
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

GREGORY GILLILAN, :
      Plaintiff :
VS. :
       : NO. 1:06-CV-177 (WLS)
Ms. JOHNSON; Ms. BLACKLEDGE, :
       : **ORDER**
      Defendants :

Gillilan v. Johnson   Doc. 5

Plaintiff **GREGORY GILLILAN**, an inmate at Autry State Prison in Pelham, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

### I. REQUEST TO PROCEED IN FORMA PAUPERIS

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. MOTION TO AMEND

Plaintiff filed a motion to amend his complaint in order to add one additional defendant: Ms. Blackledge. Because no responsive pleadings have been served, plaintiff is entitled to amend his complaint "once as a matter of course." Fed. R. Civ. P. 15(a). Therefore, plaintiff's motion to amend his complaint is **GRANTED** and his complaint is amended to show Ms. Blackledge as a defendant in this action.

## III. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See ***Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

### IV. STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff alleges that Ms. Johnson and Ms. Blackledge failed to properly watch the prison inmates. Plaintiff states that he had a seizure and, because they were not watching him as they should have been, he was "left laying (sic) in (sic) the floor 15 min[utes] bleed[ing] from the back of the head untill (sic) prisonor's (sic) beat on the window and wroke (sic) up the guards to call medical." Plaintiff alleges this constitutes deliberate indifference to his serious medical needs.

To sustain an Eighth Amendment claim for deliberate indifference to serious medical needs, a prisoner must show (1) that his medical need is serious and (2) that prison officials acted with deliberate indifference to this serious medical need. ***Wilson v. Seiter***, 501 U.S. 294, 297 (1991). Even assuming, without deciding, that plaintiff's medical needs were serious, plaintiff has failed to show that defendants acted with deliberate indifference.

Plaintiff alleges only a fifteen (15) minute delay in medical treatment. While it is true that a few hours delay in receiving medical care for emergency needs may constitute deliberate indifference, a delay of only minutes would be considered de minimus. See ***Brown v Hughes***, 894 F.2d 1533, 1537-39 (11th Cir. 1990) (explaining that "even if we were to recognize as de minimus delays of a few seconds or minutes, a deliberate delay on the order of hours in providing care for a serious and painful broken foot is sufficient to state a constitutional claim"); ***Cameron v. Thigpen***, No. 91-0242-BH-S, 1994 U.S. Dist. LEXIS 15654 (S.D. Ala. September 8, 1994) (holding that a "[p]laintiff's allegation that removal of the guards from his dormitory resulted in a thirty minute

delay of medical treatment is insufficient alone to show a constitutional deprivation").

Because plaintiff has failed to show that defendants acted with deliberate indifference to his medical needs, this action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 5th day of January, 2007.

_____
W. LOUIS SANDS
UNITED STATES DISTRICT JUDGE

lnb